**MANDATE**

15-3942
In re: Miller

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of October, two thousand seventeen.

Present:    JON O. NEWMAN,
            GUIDO CALABRESI,
            ROSEMARY S. POOLER,
                *Circuit Judges*.

_____

IN RE: MILLER

ANDREW RYAN MILLER,

    *Appellant*,

        v.                                                  15-3942

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF NEW YORK,

    *Appellee*.

_____

Appearing for Appellant:    JEFFREY L. CICCONE, Assistant Federal Public Defender,
                            Federal Public Defender's Office, Western District of New York,
                            Rochester, NY

                            JAY S. OVSIOVITCH, Of Counsel, Rochester, NY

MANDATE ISSUED ON 10/26/2017

| | |
|---|---|
| Appearing for Appellee: | JOSEPH J. KARASZEWSKI, Assistant United States Attorney *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Appellant Andrew Ryan Miller appeals the December 8, 2015 order of the United States District Court for the Western District of New York (Wolford, *J.*) sentencing him to 72 hours in prison for his repeated failure to appear for jury service pursuant to 28 U.S.C. § 1866(g). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Miller makes numerous claims in support of his complaints that his due process rights were violated during his criminal contempt hearing pursuant to Section 1866(g) on September 2, 2015. We do not need to reach all of them for the government concedes that due process was in fact violated, specifically stating "the court impermissibly shifted the burden of proof to Miller, compelled him to be a witness against himself, and negatively impacted his right to counsel. We agree that the district court so erred.

"As a general rule, cases remanded to a District Court for further proceedings are sent back without any directions or suggestions as to the judge before whom they are to be conducted," though we acknowledge that "in a few instances there may be unusual circumstances where both for the judge's sake and the appearance of justice, an order of reassignment is appropriate." *Mackler Prod., Inc. v. Cohen*, 225 F.3d 136, 146-47 (2d Cir. 2000) (internal citations and punctuation omitted). We do not find reassignment to be necessary in this case at this stage. Miller has failed to argue that the district court judge will have "substantial difficulty . . . putting out of . . . her mind . . . evidence that must be rejected," such as Miller's statements at the initial proceeding, and we do not believe such an argument would be convincing. *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977). The proceeding that forms the basis of the remand was brief and occurred over two years ago. Given the pace and amount of work at the district court, we find it more likely that the district court will have a difficult time remembering the proceeding than it will have putting the proceeding out of mind. Further, we have confidence that, were the district court judge to become a witness in the proceedings, the district court judge would recuse herself and have the case reassigned to a colleague instead.

Accordingly, the judgment of the district court hereby is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2